CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

July 28, 2025

LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)   Case No. 2:20CR00021<br>) |
| v. | )   **OPINION**<br>) |
| **DAVID KYLE SKAGGS,** | )   JUDGE JAMES P. JONES<br>) |
| Defendant. | ) |

*David Kyle Skaggs, Pro Se Defendant.*

The defendant, previously sentenced by this court, has filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Skaggs is challenging the validity of his confinement pursuant to a judgment of this court. Upon consideration of the § 2255 motion and the record, I conclude that the motion must be summarily dismissed as untimely.[1]

Skaggs pleaded guilty, pursuant to a written Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), to one count of transportation of an individual under eighteen in interstate commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). This offense carries a penalty of ten years to life imprisonment and a fine up to $250,000. Under the Agreement,

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the defendant's submissions and the record of prior court proceedings that he is not entitled to relief.

the parties stipulated that a sentence between 120 to 180 months was appropriate, and Skaggs waived his right to appeal. The evidence was that in 2015, Skaggs, then 30 years old, took a 13-year-old girl across state lines and had sex with her, causing her to become pregnant. On September 30, 2021, I sentenced Skaggs to 180 months' imprisonment.

Skaggs signed and dated this § 2255 motion on January 19, 2024. He alleges that counsel provided ineffective assistance related to the government's plea offers, that his plea was not knowing and voluntary, and the other due process violations occurred during the proceedings. The § 2255 motion was conditionally filed, and Skaggs was notified that it appeared that the motion was untimely under § 2255(f), He was granted an opportunity to submit any additional evidence and/or argument on the issue of timeliness. He has responded, asserting that his claims should be considered on the merits.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If a defendant is given notice that a § 2255 motion appears to be untimely and he is allowed an opportunity to provide argument and evidence regarding timeliness, and he fails to make the requisite showing, the court may summarily dismiss the motion. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Sentence was imposed on September 30, 2021. The judgment became final for purpose of § 2255(f)(1) fourteen days later, on October 14, 2021, when his opportunity to appeal expired. Fed. R. App. P. 4(b)(1)(A). He then had one year from that date — until October 14, 2022 — to file a timely § 2255 motion. He filed his § 2255 motion, at the earliest, on January 19, 2024, nearly a year and a half after the judgment became final.[2] Thus, Skaggs' § 2255 motion is untimely filed under § 2255(f)(1), and I cannot address his claims on the merits unless he demonstrates some ground for tolling of the filing period.

---

[2] A prisoner's § 2255 motion is considered filed on the date he delivered the document to prison officials for mailing, rather than the date on which the district court received it. *United States v. Burl*, 81 F. App'x 443 (4th Cir. 2003) (unpublished). For purposes of this opinion, I will assume that Skaggs delivered his § 2255 motion to prison officials for mailing on the day that he dated and signed the motion.

Skaggs argues that the untimeliness of his § 2255 motion should be excused based on several factors: he did not have access to a typewriter until January 2024 because typing ribbon was out of stock for the prior year; he had to teach himself how to use a typewriter; he did not hear of a § 2255 motion until the winter of 2023-24, and he did not know that he could file one himself without assistance from an attorney. Skaggs also reports that while in federal custody, he has been "stationed at FCI Yazoo Low-1," where officials "do[ ] not offer inmates adequate instructions & information about [their] options to further fight [their] cases." Resp. 1, ECF No. 72. He alleges that inmates at this facility have undergone frequent lockdowns because of the pandemic, staff shortages, and infrastructure damage. Furthermore, Skaggs claims that Yazoo Low is a "mandatory-work facility" where he has been employed in a UNICOR factory whose work hours conflict with the hours when inmates may use the law library. *Id.* Finally, Skaggs asserts that he is "not an educated man" who was unable to obtain representation through the Federal Public Defenders' Office for post-conviction matters and instead relied on help from other inmates to formulate his § 2255 motion. *Id.*

I do not find that any of the circumstances Skaggs describes trigger calculation of his federal filing limit under a different subsection of § 2255(f). He does not demonstrate that prison lockdowns or his limited legal knowledge, library access, and typing skills prevented him from discovering or raising his claims in a timely

manner so as to invoke § 2255(f)(2). Similarly, he fails to show that any of his claims is based on a right newly recognized in a recent, retroactive Supreme Court decision by which to apply § 2255(f)(3). Finally, his recent discovery on some unspecified date about his option to file for post-conviction relief cannot qualify as a newly discovered fact that could restart his one-year filing period under § 2255(f)(4). *United States v. Nunez-Garcia*, 31 F.4th 861, 866 (4th Cir. 2022) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.") (citation omitted)).

Skaggs also does not describe any circumstance justifying the invocation of equitable tolling. To warrant equitable tolling of the federal filing period, the defendant must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). More specifically, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (en banc). Skaggs' potential equitable tolling arguments fail under both facets of this standard.

Skaggs does not state facts showing any steps he took after entry of the judgment to determine what legal means existed by which he could challenge the

legality of his conviction or sentence. Indeed, he does not clearly state when or how he discovered his option to file a § 2255 motion, which apparently occurred more than a year after his conviction became final. At most, Skaggs complains about the types of inconveniences that all inmates face regarding lack of legal knowledge and difficulty accessing legal materials. Thus, his discussion of the timeliness issue does not support a finding that he exercised due diligence or that he faced extraordinary circumstances outside his control that prevented him from seeking to vindicate his rights within the one-year filing period defined in § 2255(f).

In conclusion, Skaggs failed to file his § 2255 motion within one year of the date on which the judgment became final, and he shows no basis for finding his motion to be timely filed under § 2255(f) or to be considered on the merits for equitable reasons. Accordingly, I will summarily dismiss his § 2255 motion as untimely filed.

A separate Final Order will be entered herewith.

DATED: July 28, 2025

/s/ JAMES P. JONES
Senior United States District Judge